IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff / Respondent, ) | |
| ) | |
| v. ) | Case No. 10-10122-WEB |
| ) | 11-1295-WEB |
| LAZARO CISNEROS, ) | |
| ) | |
| Defendant / Petitioner. ) | |

Memorandum and Order

Motions filed under 28 U.S.C. § 2255 must comply with the Federal Rules of Civil Procedure or risk dismissal. Cisneros was ordered to supplement his Section 2255 motion with factual support and legal arguments to state a claim. Because his supplemental pleadings do not satisfy the rules, his motion is dismissed.

Cisneros pleaded guilty to re-entering the United States after he was deported following a conviction for an "aggravated felony," in violation of 8 U.S.C. § 1326(a) and (b)(2). The parties proposed, pursuant to Rule 11(c)(1)(C), a sentence of 34 months imprisonment. (Doc. 11). The Court accepted the parties' agreement, and sentenced Cisneros accordingly. (Doc. 13). Cisneros did not file a direct appeal.

Cisneros filed his Motion to Vacate (Doc. 15), and the Court ordered Cisneros to supplement the motion, finding that he did not provide the Court with a factual basis for his claims, or a legal basis for his arguments. Cisneros filed a supplement, and as discussed below, the additional documents still do not meet pleading requirements. Cisneros raises four grounds for relief: (1) a challenge to a factual assertion in the presentence report, (2) ineffective assistance of counsel, (3) penalties for entry and reentry under 8 U.S.C. §§ 1325(a) and 1326, and (4) the District Court erred in restricting the Government's ability to enhance crimes

predicated on uncounseled prior convictions.

Cisneros is proceeding pro se, and his pleadings will be construed liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). But pro se litigants are required to follow the rules of federal procedure. Oqden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). Petitioner bears the burden of "alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. The Court can dismiss a case with prejudice for failure to comply with Rule 8(a). Fed.R.Civ.P. 41(b); Nasious v. Twon Unknow B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007). Rule 8(a) requires a short and plain statement of the claim showing the movant is entitled to relief. Fed.R.Civ.P. 8(a). Because dismissal is a harsh remedy, the Court should consider (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003).

The first factor weighs in favor of dismissal. The Government suffers prejudice when it is forced to respond to a petition which does not contain clear causes of action, factual support, or a legal basis for the claims. The Government is then forced to do what this court has been instructed not to do, create and carve out arguments for the petitioner. See Cardoso v. Calbone, 490 F.3d 1194, 1197 (10th Cir. 2007). Neither the Court nor is the Government required to interpret pleadings that are incomprehensible. Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).

The second factor also weighs in favor of dismissal. The second factor concerns whether

the Court's docket is affected by the case or claims.  For example, in one case, a Magistrate Judge determined that over 100 hours had been spent on reviewing the pleadings and attempting to determine what the claims were.  See United States v. Celio, 2011 WL 3799028 (D.Colo. 2011).  In another case, the Court found that a petitioner's failure to comply with the Court's orders and failure to follow statutory requirements prevented the Court from addressing the merits of the case, and prevented the Court from addressing the merits of other cases on the docket.  Stanko v. Davis, 335 Fed.Appx. 744, 746 (10th Cir. 2009)(unpublished opinion).  In the case at hand, the Court is unable to address the merits of the case, as Cisneros has not set forth a factual basis for his claims, or a legal argument in support.  Although Cisneros' filings are not excessive and this case has not overly burdened the Court's time or schedule, Cisneros' failure to provide the information ordered by the Court warrants dismissal.

The third and fourth factor weigh in favor of dismissal.  Cisneros was given an opportunity to amend his pleading to comply with the rules of civil procedure.  Specifically, this Court directed Cisneros to file additional documentation that would support his claims with facts specific to his case, and a legal basis for his claims.  Cisneros failed to do so.  Although Cisneros cites to cases that span the United States, they are not on point, nor are they relevant to his claims.  Cisneros' supplement only addresses the ineffective assistance of counsel claim.  Cisneros appears to argue that his plea is not valid as he was misinformed about the elements of the offense, and the misinformation would affect the statute of limitations as well as the legality of arrest.  Cisneros does not explain this argument, and does not provide the court with facts specific to his case.  Cisneros also filed a document which appears to be a form for the Eleventh Circuit Court of Appeals, titled "Application for Leave to File a Second or Successive Motion to

Vacate, Set Aside or Correct Sentence."  This document is not helpful as it does not contain any of the requested information.

With regard to the fifth factor, there is no lesser sanction that is appropriate in this case. The Court has already provided Cisneros an opportunity to amend his pleading to comply with the pleading requirements.  He has failed to do so.  And the information he provided was not helpful to his claims.  As discussed below, for the most part, his claims are incomprehensible and do not allow for any other action by this Court.  Dismissal of Cisneros' petition is appropriate as he has failed to state his claim in a short and plain statement and he has failed to comply with the Court's order to supplement his pleading.

Even if the petition was not dismissed Cisneros' claims would be denied if they were addressed on the merits.  In his first claim, it appears that Cisneros wants to challenge a factual assertion in the presentence report.  Specifically, Cisneros states,

> A factual finding as to the allegation to determine finding is necessary because the matter of controversy no taken into account in is sentencing.  Shukwit v. U.S., 973 F.2d 903 (11th Cir. 1992) should be appended to the PSI to do so is ministerial error that can be remedied without re-sentencing the defendant.

It is important to note that claims that should be raised on direct appeal are procedurally barred in a Section 2255 motion, United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994), and a Section 2255 is not a substitute for a direct appeal.  United States v. Cervini, 379 F.3d 987, 990 (10th Cir. 2004).  The Court is uncertain exactly what factual assertion in the presentence report he is contesting.  But since Cisneros failed to raise this issue on direct appeal, this claim is procedurally defaulted.

In his second claim, Cisneros alleges ineffective assistance of counsel, in that

> Counsel fail to subject the prosecutions, Vines v. United States, 28 F.3d 1123

4

(11th cir. 1994). Counsel has an obligation to consult with his client on important decision. Diaz v. United States, 930 F.2d 832 (11th Cir. 1991). Padilla v. Kentucky. A case dealing with advice about the effects of guilty plea on immigration status attacking an conviction based on ineffective assistance of counsel have met with mixed success.

To make a showing of ineffective assistance of counsel, defendant must demonstrate (1) counsel's representation "fell below an objective standard of reasonableness" and (2) that this deficiency prejudiced defendant's defense. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed2d 674 (1984). It is not clear exactly what Cisneros is arguing. In the Vines case, the Eleventh Circuit discussed whether the defendant was denied his right to counsel when his attorney was absent for part of the trial. This case is not applicable to Cisneros, as his attorney was present for his plea and sentencing hearing. In Diaz, the Eleventh Circuit found that counsel has an obligation to consult with the defendant on plea offers, but found that the defendant did not establish the prejudice prong of the Strickland standard. Id. at 835. Again, this case is not applicable to Cisneros, since he accepted a plea offer from the Government. Cisneros does not allege that there were other plea offers, or that he was not allowed to participate in other proceedings. Finally, in Padilla v. Kentucky, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), the United States Supreme Court found that a failure to advise a defendant of immigration consequences in a criminal case is subject to the Strickland test and constitutes deficient performance. Id. at 1782-83. A review of the plea agreement shows that Cisneros agreed that "this conviction will result in his removal from the United States after he completes the incarceration portion of his sentence; that he will not be permitted to reapply for permission to re-enter the United States; and that if he does re-enter unlawfully, he will be subject to felony prosecution for re-entry after deportation and, based on the conviction in this case, would be

(sic) again be subject to a substantial incarceration sentence." (Doc. 11, Plea Agreement). Without additional factual support for this claim, Cisneros cannot overcome the evidence in the record which shows that his attorney and the Court informed him of the deportation consequences.

Cisneros' third claim deals with the entry and re-entry penalties under Section 1325(a) and Section 1326. Cisneros argues,

> Under Strickland one step beyond the case involved complex issues of illegally reentry after been deported on aggravated felony charge. The charge must be made my pointing out specific error made by trial counsel as the defendant could not prove that the outcome would have been different had the counsel been better prepared.

The Court is uncertain what Cisneros is arguing, and without additional facts, the Court is unable to consider the merits of this claim.

Lastly, Cisneros argues that the Court restricted the ability of the Government to enhance crimes predicated on uncounseled prior convictions. This claim is confusing, as it appears that Cisneros is arguing that the Court erred when the Government wanted to enhance his sentence, but the Court did not allow it. A review of the presentence report shows that Cisneros was represented by counsel in all the cases which were assigned a criminal history point. Again, without additional details or facts, the Court is unable to address the merits of this claim.

Cisneros' Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (Doc. 15) is dismissed under Fed.R.Civ.P. 41(b) for failure to provide a short plain statement of the claim and failure to supplement his pleading as directed by the Court. Even if the Court did not dismiss the case, the petition would be denied, as Cisneros failed to provide a factual basis for his claims, and failed to support his claims with any legal support.

IT IS SO ORDERED this 22nd day of November, 2011.

Wesley E. Brown
Senior United States District Court Judge

.